## IN THE MATTER OF THE ALLEGED UNETHICAL CONDUCT OF G. WILLIAM PATTON, AN ATTORNEY-AT-LAW OF THE STATE OF NEW JERSEY.

Argued April 10, 1960—Decided June 28, 1960.

For the order *Mr. George A. Streitz.*

For the respondent *Mr. Lawrence N. Park.*

The opinion was delivered

PER CURIAM. Respondent was retained by Mr. and Mrs. Wallis to represent them in the purchase of a home in Delaware Township from one Mitchell. A contract of sale was made, and on October 11, 1958 Mr. and Mrs. Wallis delivered their check for $8,000 to respondent to be held in escrow for use in the purchase. The moneys were deposited in a checking account entitled "G. William Patton, Mitchell Escrow Account." Within a matter of a few weeks, respondent began to convert the moneys to his own use. By

eighteen withdrawals between October 30, 1958 and April 24, 1959, he depleted the account.

Shortly after the deposit, Mr. Wallis left for California on a temporary assignment by his employer. The sale of course was never concluded. The clients sought futilely to have respondent complete the deal. Ultimately they retained other counsel and made a complaint before the Ethics and Grievance Committee.

Respondent did not answer the complaint. He failed to appear at the time fixed for hearing. To afford every opportunity to be heard, the committee sought out respondent who then attended. At the hearing, respondent seemed to content himself with the irrelevant question whether his clients had perfected a demand upon him to return the moneys. Of course he had misappropriated the trust fund, and that was the basic charge. Restitution would be but an ameliorating circumstance, and respondent hardly needed advice that his clients would want him to disgorge, had they known of the offense against them. At any rate, respondent failed to comply with the explicit demand of the counsel later retained by Mr. and Mrs. Wallis, and as of the time of the hearing before the ethics committee, no part of the moneys had been returned. Thereafter an adjustment was made, the last payment occurring on the morning of the argument before us.

The offense itself, of serious proportions, was aggravated by other circumstances. Respondent added deception to his mistreatment of his clients, and exhibited a callousness, indifference, or lack of appreciation of the immorality of his misconduct. The total facts convinced us that respondent could not remain a member of the bar with safety to the public. We obtained a report from the local probation office in search of circumstances which might suggest a lesser course would be justifiable. We could find none.

The name of respondent will be stricken from the roll of attorneys-at-law.

*For disbarment*—Chief Justice WEINTRAUB, and Justices BURLING, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*Opposed*—None.